FILED
2019 Sep-09  PM 03:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **KAITLYN BLACKMAN,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **V.** | ) | **CIVIL ACTION NO:** |
| | ) | |
| **THE TRAVELERS COMPANIES,** | ) | |
| **INC. d/b/a TRAVELERS,** | ) | |
| | ) | |
| **DEFENDANT.** | ) | **JURY DEMAND** |
| | ) | |

**COMPLAINT**

## I.     INTRODUCTION

1.      This is an action for declaratory judgment, equitable relief and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Civil Rights Act of 1964, as amended, including the Civil Rights Act of 1991; the Pregnancy Discrimination Act, Section 701(k); 42 U.S.C. Section 1981a and the Equal Pay Act of 1963, as amended, 29 U.S.C. §206(d) and 29 USC 215(a)(3).

## II.     JURISDICTION

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1343(4), 2201 and 2202.  Venue is proper pursuant to 28 U.S.C. § 1391 and Title VII's

statewide venue provision, 42 U.S.C. § 2000e-5(f)(3).

3.    The plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991," 42 U.S.C. § 2000e *et seq*. and the Pregnancy Discrimination Act, Section 701(k).  The plaintiff timely filed her charge of discrimination on November 15, 2018, which was within 180 days of the occurrence of the last discriminatory act.  The plaintiff timely filed her lawsuit within 90 days of the receipt of her right-to-sue letter from the EEOC which was issued on June 20, 2019.

## II.    PARTIES

4.    The plaintiff, Kaitlyn Blackman, (hereinafter "Plaintiff") is a female citizen of the United States, and a resident of the State of Alabama and is over nineteen (19) years of age.  Defendant hired Plaintiff on July 6, 2012 as a Claims Professional and terminated her on November 7, 2018.

5.    The defendant, The Travelers Companies, Inc., commonly referred to as "Travelers" and hereinafter referred to as ("Defendant") is an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," 42 U.S.C. § 2000e *et seq*., as amended by the "Civil Rights Act of 1991," 42 U.S.C. § 1981a, and the EPA.

2

III.   **FACTS**

6.    Defendant is a publicly traded company in the business of providing insurance.

7.    Defendant is one of the largest insurance companies in the country with a total revenue in 2018 of $28.9 billion.

8.    Defendant hired Plaintiff on July 6, 2012 as a Claims Professional.

9.    In that job Plaintiff traveled to the site of incidents where claims were being made, gathered information written or recorded and put it into a report for a claims examiner to evaluate the claims.

10.   Plaintiff was one of three (3) females among the fifty (50) to sixty (60) Claims Professionals who worked as an Outside Property Adjuster out of the Atlanta claims office.  Employees in Alabama and Georgia worked out of the Atlanta office.

11.   Male Claims Professionals were paid a higher salary than Plaintiff despite the fact that Plaintiff had equal to or superior experience to these male co-workers.

12.   Plaintiff made requests to management for increases in pay, but Defendant ignored her requests.

13.   Defendant also denied Plaintiff promotions to higher paying positions such as the job of Senior Claims Adjuster.

14.   Plaintiff told Defendant that she wanted to be promoted to Senior Claims

Adjuster.

15.     Plaintiff never had an opportunity to apply for those Senior Claims Adjuster positions because they were not posted; rather, Defendant handpicked male Claims Professionals and promoted them.

16.     Defendant promoted at least five males who were less qualified than Plaintiff to the Senior Claims Adjuster position during the six month period that preceded the date Plaintiff filed her EEOC Charge.

17.     Plaintiff performed her job well, and was not disciplined during her employment.

18.     In the late spring of 2018, Jason Randolph, Claim Manager, became Plaintiff's boss.

19.     In the summer of 2018, Defendant put Plaintiff on a performance improvement plan without warning.

20.     Plaintiff did what was expected of her under the performance plan, and Defendant took her off the plan on August 27, 2018 because she had successfully completed it.

21.     In September 2018, Plaintiff informed her new boss, Randolph, that she was pregnant, which meant she was going to require accommodations on the job, such as not climbing on roofs while gathering information on claims.

22. Shortly thereafter, Randolph and a male VP put Plaintiff on a four week final warning.

23. Defendant gave Plaintiff four reviews which she continuously improved and the final week she was perfect despite the fact that she had been given performance expectations far beyond what was expected of her male peers.

24. After Plaintiff successfully finished the plan, two weeks later Defendant fired Plaintiff for allegedly not meeting the performance plan.

25. A male took over Plaintiff's duties and responsibilities.

26. Defendant engages in a pattern and practice of intentionally discriminating against females in wages and selection decisions. Defendant's policies and practices regarding pay and selection decisions result in a disparate impact that adversely affects female employees in the areas of wages and promotions.

27. Defendant's stated reason for terminating Plaintiff is not legitimate and it is a pretext to hide the fact that it fired Plaintiff because of her female gender/pregnancy.

28. In the alternative, even if Defendant had a legitimate non discriminatory reason for terminating Plaintiff, sex/pregnancy discrimination remained at least motivating factors in the termination decision.

29. Defendant acted with malice and/or with reckless indifference to the plaintiff's

federally protected rights when it terminated her because of her pregnancy.

## IV.    CAUSES OF ACTION

### A.    Count I – Sex/Pregnancy Discrimination Discipline and Termination

30.    Plaintiff re-alleges and incorporates by reference paragraphs the above factual paragraphs with the same force and effect as if fully set out in specific detail herein below.

31.    Plaintiff brings this Count pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e *et seq*., as amended, and 42 U.S.C. Section 1981a and the Pregnancy Discrimination Act, Section 701(k).

32.    Defendant discriminated against Plaintiff based on her sex/pregnancy by disciplining her and terminating her employment.

33.    Defendant's articulated reasons for these adverse employment actions are not legitimate.

34.    Plaintiff's pregnancy or female gender were motivating factors behind Defendant's decision to discharge her.

35.    Plaintiff may prevail under a mixed-motive theory, as even if Defendant had legitimate reasons for terminating her, sex/pregnancy was at least a motivating factor in the adverse employment actions Defendant took against her.

36. Said discrimination was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

37. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

38. Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

**COUNT II – Gender Discrimination in Promotion in Violation of Title VII**

39. Plaintiff re-alleges and incorporates by reference paragraphs the above factual paragraphs with the same force and effect as if fully set out in specific detail herein below.

40. Plaintiff brings this Count pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e *et seq*., as amended, and 42 U.S.C. Section 1981a.

41. Defendant discriminated against Plaintiff because of her female gender by promoting substantially less qualified males over her into a position that she was highly qualified to fill.

42. Plaintiff's female gender was a motivating factor in Defendant's decision to

promote males over her into the Senior Adjuster position.

43.   Plaintiff may prevail under a mixed-motive theory, as even if Defendant had legitimate reasons for not selecting her for promotion, her sex was at least a motivating factor in the adverse employment actions Defendant took against her.

44.   Defendant has failed to articulate a legitimate non discriminatory reason for its gender discriminatory actions.

45.   Defendant engages in a pattern and practice of discriminating against females by not promoting them.

46.   Defendant's practice of not posting vacancies such as the Senior Adjuster Position and picking men to promote into that job disparately impacts females.

47.   Defendant engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's federally protected rights.

**COUNT III – Gender Discrimination in Wages in Violation of Title VII**

48.   Plaintiff re-alleges and incorporates by reference the above factual paragraphs with the same force and effect as if fully set out in specific detail herein below.

49.   Plaintiff brings this Count pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e *et seq*., as amended, and 42 U.S.C. Section 1981a.

50. Defendant discriminated against Plaintiff because of her female gender by failing to pay her equally to males who held the same position she held.

51. Plaintiff's female gender was a motivating factor in Defendant's decision not to pay her equally to men.

52. Plaintiff may prevail under a mixed-motive theory, as even if Defendant had legitimate reasons for not paying her equally to her male co-workers, her sex was at least a motivating factor in the adverse employment actions Defendant took against her.

53. Defendant has failed to articulate a legitimate non discriminatory reason for its gender discriminatory actions.

54. Defendant engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's federally protected rights.

**COUNT IV – Plaintiff's EPA Wage Claim**

55. Plaintiff re-alleges and incorporates by reference paragraphs the above factual paragraphs with the same force and effect as if fully set out in specific detail herein below.

56. Plaintiff brings this count under the Equal Pay Act (EPA) of the Fair Labor Standards Act (FLSA), 29 U.S.C. Section 206(d).

57. The EPA prohibits wage discrimination on the basis of sex in section 206(d)(1),

which provides in pertinent part:

> No employer ... shall discriminate ... between employees on the basis of sex by paying wages to employees ... at a rate less than the rate at which he pays wages to employees of the opposite sex ... for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex....

29 U.S.C. § 206(d)(1).

58.   Defendant paid male employees a higher rate of pay than it paid Plaintiff for equal work in an equal position at the same establishment.

59.   Plaintiff's higher paid male co-workers held jobs the performance of which required equal skill, effort, and responsibility to Plaintiff's job.

60.   The primary duties of Plaintiff's job and that of her male co-workers were substantially equal.

61.   Plaintiff's work and that of her higher paid male co-workers and/or predecessors was performed under similar working conditions in the same establishment.

62.   Defendant willfully violated the Equal Pay Act by paying Plaintiff lower wages to similarly situated males performing a job of equal skill, responsibility and effort under similar working conditions.

## VI.   Prayer for Relief

WHEREFORE, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.  Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant are violative of the rights of the plaintiff as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e *et seq.*, the Pregnancy Discrimination Act, and the EPA.

2.  Grant Plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e *et seq.*, the Pregnancy Discrimination Act, and the EPA.

3.  Enter an Order requiring the defendant to make Plaintiff whole by awarding her reinstatement, front pay if reinstatement is not workable, lost wages (plus interest), compensatory and punitive damages, liquidated damages, post judgment interest, loss of benefits including retirement, pension, seniority and other benefits of employment.

4.  Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and

expenses.

## **PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**.

Respectfully submitted,


/s/ Jon C. Goldfarb
Jon C. Goldfarb asb-5401-F58J
L. William Smith asb-8660-A61S
Christina Malmat asb-1214-y44q
Counsel for Plaintiff

**OF COUNSEL:**
WIGGINS, CHILDS, PANTAZIS, FISHER,
& GOLDFARB LLC.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**DEFENDANT'S ADDRESS**:
THE TRAVELERS COMPANIES, INC. d/b/a TRAVELERS
c/o GENERAL MANAGER
151 FARMINGTON AVENUE
HARTFORD, CT 06156